**Mir Latif AHMAD, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Mir Latif Ahmad, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

**Nos. 05–74547, 06–75286.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2008.

Filed Jan. 28, 2008.

Robert Pauw, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Marion J. Mittet, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: BEEZER, KLEINFELD, and TALLMAN, Circuit Judges.

MEMORANDUM *

Mir Latif Ahmad, a native and citizen of Afghanistan, petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA") (No. 05–74547). He also challenges the BIA's denial of his Motion to Reopen (No. 06–75286). These petitions have been consolidated on appeal.

The Immigration Judge ("IJ") properly concluded that Ahmad is ineligible for withholding of removal.[1] At the time of his 1991 conviction, it was clear that withholding of removal did not apply to aliens convicted of "particularly serious crimes." *See* 8 U.S.C. § 1253(h)(2)(B) (1990) ("[Withholding of removal is not applicable if] the Attorney general determines that . . . the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States"); Immigration

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The BIA summarily affirmed the IJ's decision, and when the BIA adopts the findings and reasoning of the IJ, we review the decision of the IJ as if it were that of the BIA. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978, § 515 (defining all aggravated felonies as particularly serious crimes). Moreover, because Ahmad chose to go to trial, he cannot show that he would have acted any differently had he known that his conviction would eventually be classified as an aggravated felony, *see* 8 U.S.C. § 1101(a)(43)(A), precluding him from withholding of removal relief. *See Saravia–Paguada v. Gonzales,* 488 F.3d 1122, 1130—31 (9th Cir.2007).[2]

Substantial evidence in the record supports the IJ's denial of Ahmad's claim for relief under the Convention Against Torture ("CAT"). Ahmad admitted during the hearing that neither Russia nor the Taliban continue to control Afghanistan. While Ahmad clearly demonstrated the harsh conditions in Afghanistan despite the United States' presence, this does not compel a conclusion that it is more likely than not that Ahmad would be tortured upon his return.

The decision to grant or deny a Motion to Reopen "is within the discretion of the [BIA]." 8 C.F.R. § 1003.2(a). The BIA did not err as a matter of law in requiring Ahmad to make a prima facie case for CAT relief. *See INS v. Wang,* 450 U.S. 139, 141, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (per curiam) (citing *Matter of Lam,* 14 I & N. Dec. 98 (BIA 1972)); *Mendez–Gutierrez v. Ashcroft,* 340 F.3d 865, 869–70 (9th Cir.2003) ("[P]rima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen."). Again, although Ahmad has clearly documented the harsh conditions in Afghanistan, he has provided no evidence to show that it is more likely than not that he will be targeted for torture. Conditions have changed since Afghanistan's civil war, and none of

the evidence presented connect General Dostum to present-day torture activities.

**PETITIONS DENIED.**

---

**2.** During oral argument, Ahmad withdrew his claim for relief under the Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c) (repealed 1996). He now concedes that the IJ properly found him ineligible for that form of relief.